U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 18 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROYAL AIR, INC. | CIVIL ACTION NO. 04-1139 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AAA COOPER TRANSPORTATION, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**I.    INTRODUCTION.**

This matter is before the Court on Defendant AAA Cooper Transportation, Inc.'s ("AAA Cooper") Motion for Partial Summary Judgment. [Doc. 17-1]. AAA Cooper motioned the court for partial summary judgment on two separate issues. First, to determine whether AAA Cooper, a carrier, is precluded from limiting its liability under the Carmack Amendment, Title 49, United States Code, Section 14706, for alleged damage to a used airplane engine shipped in interstate commerce where plaintiff Royal Air, Inc. ("Royal Air"), the shipper, failed to sign the applicable bill of lading. Second, AAA Cooper asks the Court to determine whether the Carmack Amendment completely preempts Royal Air's claims for reasonable attorney fees in the instant action. After reviewing the entire record, the Court finds that there are no genuine issues of material fact in dispute, and that partial summary judgment in favor of AAA Cooper is proper as a matter of fact and law as to both of the above-referenced issues.

**II.   FACTUAL AND PROCEDURAL BACKGROUND.**

This case involves damage allegedly caused to a used airplane engine carried in interstate commerce by AAA Cooper. On January 5, 2004, AAA Cooper received the airplane engine from Royal Air, in Shreveport, Louisiana, for carriage to consignee,

Southwest Aviation, in Tulsa, Oklahoma. [Doc. 17-4, Defendant's Exhibit A]. Upon receipt of the used engine, AAA Cooper issued a Straight Bill of Lading No. 26497988-1 to Royal Air. [Id.]. The bill of lading contained a notation on its face which allowed Royal Air, the shipper, to declare a value for the cargo being shipped. [Id.] However, Royal Air did not declare any value of the cargo being shipped. [Id.]. "Note 2" of the bill of lading denoted AAA Cooper's Tariff and stated that limitation of liability for loss or damage to the shipment may be applicable. [Id.]. Specifically, "Note 2" provided, "Liability Limitation for loss or damage on this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(AB)." [Id.]. Royal Air did not sign the bill of lading. [Id.]

AAA Cooper delivered the used airplane engine to Southwest Aviation on January 6, 2004. [Doc. 17-4, Defendant's Exhibit B]. A delivery receipt was issued evidencing that the engine was received in good order and condition. [Id.].

On February 20, 2004, Royal Air filed a claim with AAA Cooper for concealed damage to the airplane engine, which was allegedly discovered after delivery, in the amount of $12,946.57. [Doc. 17-4, Defendant's Exhibit D]. AAA Cooper denied the claim on February 26, 2004, based upon the record of clear delivery. [Doc 17-4, Defendant's Exhibit E]. By letter to Royal Air's legal counsel dated May 12, 2004, AAA Cooper offered to settle Royal Air's claim for $400.00. [Doc. 17-4, Defendant's Exhibit E]. This amount was based upon provisions contained in AAA Cooper's Tariff, which limited liability to $0.50 per pound for used commodities. [Doc 17-4, Defendant's Exhibits F and G]. Royal Air rejected AAA Cooper's settlement offer. [Doc. 17-4, Defendant's Exhibit E].

On May 24, 2004, Royal Air filed a complaint before the First Judicial District Court, Parish of Caddo. [Doc. 1]. Royal Air sought damages in the amount of $12,946.57 for the

alleged damage to its cargo, which purportedly occurred during AAA Cooper's transportation of the used engine. [Doc. 1]. AAA Cooper filed a Notice of Removal on the same date. [Doc. 3]. On May 28, 2004, the case was removed pursuant to an Order of Removal signed by Magistrate Judge Robert H. Shemwell. [Doc. 8]. On February 15, 2005, AAA Cooper filed the instant motion for partial summary judgment. [Doc. 17-1]. To date, Royal Air has failed to oppose the instant motion.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). See also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

In the instant case, AAA Cooper served on Royal Air a copy of its Motion for Partial Summary Judgment on February 14, 2005. To date, Royal Air has not responded. Local Rule 7.5W requires a respondent opposing a motion to file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion. Clearly, Royal Air failed to oppose this Motion for Partial Summary Judgment within the required fifteen day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace v. Texas Tech Univ., 80 F.3d 1042, 1048 (5th Cir. 1996) (quoting Little, 37 F.3d at 1075). See also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). Further, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995).

As discussed below, the Court finds it appropriate to enter partial summary judgment in favor of AAA Cooper.

### B. Limitation Of Liability Under The Carmack Amendment.

The Carmack Amendment, Title 49, United States Code, section 14706, governs carrier liability for loss or damage caused to cargo in cases of interstate carriage of cargo

by a motor carrier. Pursuant to the Carmack Amendment, a carrier is liable to the shipper for the "actual loss or injury to the property" caused by the carrier. 49 U.S.C. § 14706(a)(1). However, the Carmack Amendment also provides that a carrier may limit it liability for damage caused to cargo if certain conditions are met. 49 U.S.C. § 14706 (c)(1)(A)(B). Specifically, the Carmack Amendment provides in pertinent part,

> (a)(1) Motor carriers and freight forwarders.–A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading ... applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier....
>
> ...
>
> (c)(1)(A) Shipper waiver.– Subject to the provisions of subparagraph (B), a carrier providing transportation or service ... may ... establish rates for the transportation of property (other than household goods described in section 13102(10)(A)) under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.
>
> (B) Carrier notification.–If the motor carrier is not required to file its tariff with the Board, it shall provide ... to the shipper, on request of the shipper, a written or electronic copy of the rate, classification, rules, and practices upon which any rate applicable to a shipment, or agreed to between the shipper and the carrier, is based....

See 49 U.S.C. § 14706 (a)(1) & (c)(1)(A)(B). The United States Fifth Circuit Court of Appeals has interpreted these limitation of liability provisions to mean the following:

> A carrier may limit its liability if the carrier: (1) maintains a tariff within the prescribed guidelines of the Interstate Commerce Commission (now the

Surface Transportation Board); (2) obtains the shippers agreement as to her choice of liability; (3) gives the shipper a reasonable opportunity to between two or more levels of liability; and (4) issues a receipt or bill of lading prior to moving the shipment.

Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003). As presented by AAA Cooper, the key legal question before this Court is whether the second requirement referenced above, i.e., the carrier obtains the shippers agreement as to choice of liability, is met when the shipper fails to sign the bill of lading which sets forth the agreement as to choice of liability.

The United States Supreme Court has held that the signing of the bill of lading by the shipper was not required for the bill of lading to constitute the written agreement of the parties. American Ry. Express Co. v. Lindenburg, 260 U.S. 584, 43 S.Ct. 206, 67 L.Ed. 414 (1923). In Lindenburg, the United States Supreme Court specifically stated:

> It is sufficient if the shipper accepts the carrier's bill of lading without himself signing it. It becomes binding upon him by his acceptance, he being presumed to know and accept the conditions of the written bill of lading.

Id., at 591 (citation omitted); See also Flying Tiger Line, Inc. v. Pinto Trucking Services, Inc., 517 F. Supp. 1108 (E.D. Pa. 1981).

Similarly, the Eastern District of Texas, in Johnson v. Bekins Van Lines Co., held "that the shipper's signature is not required so long as the bill of lading is accepted by the shipper." Johnson v. Bekins Van Lines Co., 808 F. Supp. 545 (E.D. Tex. 1992). The Johnson court further reasoned that the bill of lading had been accepted because it was the very document in the case that the plaintiff sought to have enforced. Id., at 548.

In the instant case, it is undisputed that Royal Air, the shipper, failed to sign Straight Bill of Lading No. 26497988-1. The record also evidences that, much like the plaintiff in Johnson, Royal Air is seeking to enforce Straight Bill of Lading No. 26497988-1. Such

enforcement is apparent from the February 20, 2004 "Presentation of Loss and Damage" form Royal Air submitted to AAA Cooper. [Doc. 17-4, Defendant's Exhibit D]. Specifically, the loss and damage form references both the January 5, 2004 ship date and Straight Bill of Lading No. 26497988-1. [See id.]. Thus, the record is clear that Royal Air accepted Straight Bill of Lading No. 26497988-1, despite the fact that it failed to sign the document.

Accordingly, the Court finds that Royal Air's mere failure to sign Straight Bill of Lading No. 26497988-1 does not in and of itself preclude AAA Cooper from limiting its liability in accordance with AAA's Cooper's Tariff.

### C. Pre-Emption Under The Carmack Amendment.

Royal Air seeks reasonable attorney's fees against AAA Cooper. [Doc. 1]. The Carmack Amendment does not specifically provide for the shipper's recovery of attorney's fees; thus, AAA Cooper logically argues that Royal Air's claim for attorney's fees is based on state law or common law. AAA Cooper maintains that Royal Air's claim for attorney's fees based on state or common law is pre-empted by the Carmack Amendment. The Court agrees.

Recently, in Hoskins v. Bekins Van Lines, 343 F.3d 769 (5th Cir. 2003), the Fifth Circuit stated:

> Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*. Accordingly, we hold that the complete pre-emption doctrine applies.

Id. at 778; See also Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 379 (5th Cir. 1998) (stating that the Carmack Amendment preempts federal common law remedies); Accura Systems, Inc. v. Watkins Motor Lines, Inc., 98 F.3d 874, 876 (5th Cir. 1996) (recognizing "that attorney's fees authorized by state law are not available in Carmack

Amendment actions"); Moffit v. Bekins Van Lines, 6 F.3d 305, 306 (5th Cir. 1993) (holding that the Carmack Amendment preempts all state law claims).

The instant action is based on the Carmack Amendment. Thus, based on the foregoing, Royal Air's claim for reasonable attorney's fees in the instant action fails, as the claim for attorney's fees is completely pre-empted by the Carmack Amendment. Accordingly, the Court finds that summary judgment as to Royal Air's claim for reasonable attorney's fees is proper.

## V. CONCLUSION.

After reviewing the entire record, the Court finds that there are no genuine issues of material fact in dispute, and that partial summary judgment in favor of AAA Cooper is proper as a matter of fact and law. Summary judgment on the issue of whether AAA Cooper is precluded from limiting its liability simply because Royal Air failed to sign Straight Bill of Lading No. 26497988-1 is proper, as the record evinces that Royal Air accepted the bill of lading despite its failure to sign the document. Further, summary judgment is proper as to Royal Air's claim for reasonable attorney's fees insomuch as the Carmack Amendment completely preempts claims based on state and/or common law.

Therefore:

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment [Doc. 17] shall be **GRANTED**.

Shreveport, Louisiana, July _17_, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE